| **Tartell v Klein** |
|:---:|
| 2025 NY Slip Op 31634(U) |
| May 5, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 653837/2024 |
| Judge: Arthur F. Engoron |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ARTHUR F. ENGORON**                 PART                    **37**

*Justice*

-----------------------------------------------------------------------X

PAUL TARTELL, BRIAN GRODMAN,

                      Plaintiffs,

- v -

MORTON KLEIN, RUBIN MARGULES, MICHAEL
ORBACH, BART BLATSTEIN, TYLER KORN, ZIONIST
ORGANIZATION OF AMERICA,

                      Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 653837/2024 |
| MOTION DATE | 11/08/2024 |
| MOTION SEQ. NO. | 006 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 006) 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204,

were read on this motion to                DISMISS              .

Upon the foregoing documents, after oral argument on March 25, 2025, and for the reasons stated hereinbelow, defendants' motion to dismiss is granted.

Background

This action poses the question of to what extent Courts should, or should not, oversee the membership and monetary affairs of not-for-profit corporations.

The scourge of antisemitism is alive in modern day America. Plaintiffs' Verified Complaint catalogues antisemitism's recent increase, especially since October 7, 2023, and responses thereto. NYSCEF Doc. No. 156, ¶¶ 27-51.

Defendant Morton Klein ("Klein") has headed defendant Zionist Organization of America ("ZOA") for many years. Plaintiffs state that "The mission of the ZOA ... is essentially to advocate for Israel and the Jewish people, and oppose anti-Semitism wherever it rears its ugly head." NYSCEF Doc. No. 156 ¶ 2.

When plaintiffs first became active in the ZOA, they strongly supported Klein. However,

> Sadly, Plaintiffs have come to learn that Defendant Klein cares more about his own personal stature, power, and financial gain than in seeing the ZOA fulfill its mission. And they have come to learn that the Board Defendants have knowingly enabled Klein to advance his own interests at the expense of the ZOA in order to maintain political power within the ZOA.

653837/2024  TARTELL, PAUL ET AL vs. KLEIN, MORTON ET AL                    Page 1 of 4
Motion No.  006

Id. ¶ 4. Furthermore,

> Plaintiffs have also learned that the Board Defendants have directly and indirectly aided and abetted Klein's misconduct and fraud by approving actions that benefit Klein and hurt the ZOA and by taking steps to prevent other Board Members from bringing Klein to heel. Such aiding and abetting has included, without limitation, withholding information from the ZOA Board, failing to provide agendas in a timely manner, and forbidding discussions among Board Members that do not involve Defendant Klein.[1]

Id. ¶ 9.

Plaintiffs claim that after a glorious history, the ZOA has become a shell of its former self, "at best, an irrelevancy, and, at worst, a joke." Id. ¶ 66. They describe all the things that the ZOA could be doing, but is not, to fight antisemitism, such as establishing outreaches to college campuses, Washington, D.C., and Israel. They claim that Klein is overpaid, to the tune of "millions of dollars," and underactive, except at self-aggrandizing. Id. ¶ 68. They are incensed that he has (allegedly) been abusing his credit card privileges and has been making a small fortune by consulting for a ZOA board member, Henry Schwartz, "in direct violation of the ZOA's Constitution and By-Laws." Id. In sum, "[t]he demise of the ZOA is due to the fact that the ZOA National President, Morton Klein, is incapable of achieving the ZOA's mission and is motivated by personal gain only." Id. ¶ 74.

Plaintiffs have not taken Klein's alleged abuses lying down. In a July 17, 2024 letter to the Board of Directors, plaintiffs and other board members demanded that the board: terminate Klein as a ZOA employee; ostracize him; initiate action to recoup the salary paid to him while he was consulting for Mr. Schwartz; engage independent counsel and an independent auditor to investigate whether Klein committed any other improprieties; and report Klein's misconduct and the results of the investigation to the New York State Attorney General. NYSCEF Doc. No. 191.

In no uncertain terms, defendants refused to comply with plaintiffs' demands.

On July 24, 2024, both sides convened and conducted dueling meetings, the validity of each of which the other side hotly disputes. Similarly, both sides have commenced dueling "independent investigations."

The Verified Complaint asserts the following causes of action, all derivatively on behalf of the ZOA: (1) terminate Klein and bar him from any officer position; (2) recoup "misappropriated funds" from Klein; (3) damages for Klein's alleged fraud; (4) damages for Klein's alleged breach of fiduciary duty; (5) damages for the board member defendants' alleged breach of fiduciary duty; (6) declare that plaintiff Tartell is a member of the Board and vice-chair of the ZOA (7) enjoin defendants from hindering the independent investigation plaintiffs arranged; and (8) refer defendants' alleged improprieties to the New York State Attorney General. NYSCEF Doc. No. 156.

---

[1] One wonders how Klein and the ZOA police this last prohibition, or whether they rely on an "honor system."

653837/2024  TARTELL, PAUL ET AL vs. KLEIN, MORTON ET AL                    Page 2 of 4
Motion No. 006

Defendants, not lying down either, now move to dismiss this action on several grounds: (1) plaintiffs' membership status (or lack thereof) deprives them of standing; (2) plaintiffs have failed to satisfy the "demand requirement" for a derivative action; (3) plaintiffs have failed to identify any valid reason to remove Klein; (4) plaintiffs have failed to identify any "related party transactions"; (5) the complaint fails to plead fraud and breach of fiduciary duty with particularity; (6) defendants have not aided and abetted any breach of fiduciary duty; (7) as board members of a not-for-profit, defendants are entitled to qualified immunity; and (8) the eighth cause of action is not cognizable.[2]

Discussion

"In the posture of defendants' CPLR 3211 motion to dismiss, our task is to determine whether plaintiffs' pleadings state a cause of action. The motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law. In furtherance of this task, we liberally construe the complaint, and accept as true the facts alleged in the complaint and any submissions in opposition to the dismissal motion. We also accord plaintiffs the benefit of every possible favorable inference." 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-52 (2002).

Here, precisely resolving the standing issue would require a "deep dive" into the ZOA's constitution and by-laws; the dueling membership meetings of July 27, 2024; the roster of ZOA's different categories of membership, and the hotly contested issue of whether standing can be terminated by events subsequent to the commencement of a derivative action. Case authority appears to be divided. This Court agrees with plaintiffs that, as a matter of fairness, common sense and public policy, standing cannot be defeated by ejecting from membership plaintiffs that originally had standing.

This Court agrees with plaintiffs that they satisfied the demand requirement and that any further demands or delay would be futile; the board was never going to accede to plaintiffs' demands.

Plaintiffs' pleading just barely satisfies the requirement to plead fraud and breach of fiduciary duty with particularity.

But plaintiffs fall short in two respects, one specific, one general. Plaintiff's most particular grievance, which runs throughout their complaint, is Klein's alleged consulting work, which plaintiffs claim is "in direct violation of the ZOA's Constitution and By-Laws." For all of their reliance on this claim, plaintiffs are rather reticent in stating exactly where the Constitution or By-Laws prohibit this sort of arrangement. To the extent that said documents prohibit the ZOA president from having "outside employment" or being "employed" by a board member, this Court does not consider consulting work to be "employment." Presumably, any such provision is designed to ensure that the president can devote sufficient time and energy to the job of being president, which would not be the case if the president had full-time outside employment. This failing leaves gaping holes in plaintiffs' case.

More generally, the board of directors of a non-profit corporation can pretty much do what they want (call it "The Board Judgment Rule"). The board can keep an (allegedly) ineffectual

---

[2] Or, in this Court's view, recognizable.

653837/2024   TARTELL, PAUL ET AL vs. KLEIN, MORTON ET AL
Motion No. 006

Page 3 of 4

[* 3]

president. The board can (allegedly) overpay him or her. The board can let the president (allegedly) run the corporation into the ground. The board can allow liberal use of the corporation's credit cards.[3]

This Court sympathizes with plaintiffs' frustration. But the correct course would be to support, join, and nurture, perhaps even lead, any of the estimable organizations fighting the good fight that plaintiffs list in their complaint: the American Jewish Committee, the Anti-Defamation League, Hillel International, the Louis D. Brandeis Center for Human Rights Under Law, the Jewish Federations of North America, and/or the American Israel Public Affairs Committee. Bitter and costly internecine warfare is not the answer to antisemitism. Neither is judicial intervention in the internal affairs of a do-good organization. The Klein faction clearly controls the ZOA. A court should not put its hand on the scale to change the balance of power.

Conclusion

Thus, defendants' motion to dismiss is granted, and the Clerk is hereby directed to enter judgment dismissing this action.

HON. ARTHUR F. ENGORON

_____5/5/2025_____
DATE

ARTHUR F. ENGORON, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

[3] The complaint does not allege that Klein has had his hands in the ZOA's cookie jar.

**653837/2024 TARTELL, PAUL ET AL vs. KLEIN, MORTON ET AL**
**Motion No. 006**

Page 4 of 4